IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 94-10063-JTM

RICHARD BENTLEY,

    Defendant.

## ORDER

This matter comes before the court on the defendant's "Motion to Clarify How Title 18 U.S.C. § 924(e)/U.S.S.G. § 4B1.4 Does Not Apply" (Dkt. No. 67) and "Motion to Include Relevant Guideline to Instant Case Pending Resolution" (Dkt. No. 68). For the reasons set forth herein, the court denies both motions.

In 2005, defendant filed a Motion to Modify Sentence under 18 U.S.C. § 3582 (Dkt. No. 60) and Motion for Summary Judgment on the Pleadings (Dkt. No. 62). In these motions, defendant argued that Amendments 591 and 674 to the U.S. Sentencing Guideline Manual (hereafter "U.S.S.G.") require modification of his sentence. On October 17, 2005, defendant filed a Motion for Order to Rescind Motion to Modify Sentence under 18 U.S.C. § 3582 and Motion for Summary Judgment. The court interpreted this motion as a withdrawal of the two earlier motions and entered an order on October 21, 2005, finding as moot defendant's prior motions and granting the motion to rescind. Dkt. No. 65. Then, defendant submitted another

Motion for Summary Judgment (Dkt. No. 66) on October 24, 2005, which the court found as moot on December 12, 2005.

The two motions before the court in part reargue defendant's earlier motions and in part introduce new variations to these arguments.  First, defendant asks for clarification on the application of 18 U.S.C. § 924(e).  Defendant was not charged with this offense.  However, based on the offense of conviction and criminal history, a person convicted of a violation of 18 U.S.C. § 922(g) may be subject to enhancement under 18 U.S.C. § 924(e).  U.S.S.G. § 4B1.4, Application Notes (2005).  <u>See also</u> U.S.S.G. § 4B1.4, Application Notes (1994) ("Under 18 U.S.C. 924(e)(1), a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of 18 U.S.C. 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another.").  This was such a case.  The court finds no error in sentencing.

As to defendant's second motion to include relevant guidelines, the court reiterates the U.S. Probation Offices' prior findings and recommendations.

First, the court does not find Amendment 591 applicable to defendant's sentence.  The court determined defendant's imprisonment range using U.S.S.G. § 2K2.1 (Unlawful Receipt, Possession or Transportation of Firearms or Ammunition), U.S.S.G. § 4B1.4 (Armed Career Criminal) and U.S.S.G. § 3E1.1 (Acceptance of Responsibility).  Based on the relevant historical notes, Amendment 591 had no impact on the guidelines provision used in defendant's case.

Second, the court does not find Amendment 674 applicable to defendant's sentence.  Amendment 674 provides an application note to U.S.S.G. § 4B1.4 to address double counting when a defendant is convicted of 18 U.S.C. § 922(g) <u>and</u> also 18 U.S.C. § 924(c) or a similar

offense carrying a mandatory minimum consecutive penalty.  Since defendant was only convicted of violating 18 U.S.C. § 922(g), Amendment 674 is not applicable.  Furthermore, the amendment is not retroactive.  See U.S.S.G. § 1B1.10(c).

IT IS ACCORDINGLY ORDERED this 11th day of January 2006, that the court denies defendant's "Motion to Clarify How Title 18 U.S.C. § 924(e)/U.S.S.G. § 4B1.4 Does Not Apply" (Dkt. No. 67) and "Motion to Include Relevant Guideline to Instant Case Pending Resolution" (Dkt. No. 68).

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE